| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1, U.S. Bank National Association, as Trustee | Order Filed on March 13, 2019 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Tsofit Birger,<br><br>Debtor. | Case No.:  19-11003 JKS<br>Adv. No.:<br>Hearing Date:  3/28/19 @ 8:30 a.m.<br><br>Judge:  John K. Sherwood |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 13, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor: Tsofit Birger
Case No.: 19-11003 JKS
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

    This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1, U.S. Bank National Association, as Trustee, holder of a mortgage on real property located at 87 Woodland Park Drive, Tenafly, 07670-3029, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Barry Scott Miller, Esquire, attorney for Debtor, Tsofit Birger, and for good cause having been shown;

    It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by April 30, 2019, or as may be extended by an application to extend the loss mitigation period; and

    It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

    It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

    It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

    It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

    It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.